*219 OPINION OF THE COURT
Per Curiam.
By order dated April 29, 2010 (Florida Bar v Rice, 36 So 3d 85 [Fla Sup Ct 2010]), the Supreme Court of Florida disbarred the respondent, effective January 11, 2010, with leave to reapply after five years.
By opinion dated March 1, 2010 (286 Ga 622, 690 SE2d 613 [2010]), the Supreme Court of Georgia accepted the respondent’s voluntary surrender of her license to practice law, which is tantamount to disbarment under Georgia State Bar rule 4-110 (f).
Both disciplinary actions were predicated on the respondent’s plea of guilty, on or about March 26, 2009, in the United States District Court for the Eastern District of Pennsylvania, to two counts of mail fraud, in violation of 18 USC § 1341, and one count of wire fraud, in violation of 18 USC § 1343, both federal felonies. On November 23, 2009, the respondent was sentenced to a two-year term of probation and directed to pay a fine of $150,000.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing her of her right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline as enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on August 16, 2012, the respondent neither asserted any of the enumerated defenses nor demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline.
Based on the discipline imposed by the Supreme Court of Florida and the Supreme Court of Georgia, the Grievance Committee’s application to impose reciprocal discipline on the respondent is granted, and the respondent is disbarred, effective immediately, in New York based upon the disciplinary action taken against her in Florida and Georgia.
Eng, PJ., Rivera, Skelos, Dillon and Austin, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Deborah K. Rice, admitted as Deborah Karen Gerstein, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
*220 Ordered that the respondent, Deborah K. Rice, admitted as Deborah Karen Gerstein, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Deborah K. Rice, admitted as Deborah Karen Gerstein, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Deborah K. Rice, admitted as Deborah Karen Gerstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).